UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL GUZMAN and ANTONIO RODRIGUEZ OROZCO,<br><br>　　　　　　　　　Petitioners,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>　　　　　　　　　Respondents. | Case No.: 3:25-cv-3809-CAB-MMP<br><br>**ORDER:**<br>**(1) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER [Doc. No. 2]; and**<br><br>**(2) ORDERING RESPONSE.** |

Petitioner Miguel Guzman[1] filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a complaint for declaratory and injunctive relief. [Doc. No. 4 ("Amended Petition").] Petitioner also filed a motion for a temporary restraining order ("TRO"). [Doc. No. 2.] Petitioner claims that he is detained by Immigration and Customs Enforcement ("ICE") in violation of the final judgment in *Maldonado Bautista v. Noem*, No. 5:25-cv-1873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). [*See generally* Amended Petition, TRO.] He "seek[s] enforcement of his rights as [a] member[] of the

---

[1] Petitioner Orozco has been released from immigration custody and the Parties have agreed that his habeas claim is therefore moot. [Amended Petition at 2.]

1

Bond Denial Class certified in *Maldonado Bautista*" in the form of an individualized bond hearing. [Amended Petition at 2; *see also* TRO at 2–3.]

The Court **DENIES** the motion for a TRO. The Court's strong preference is for the opposing party to be served and afforded a reasonable opportunity to respond. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 438–39 (1974) (discussing *ex parte* temporary restraining orders and their "stringent restrictions"); *accord Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (same).

The Court instead **ORDERS** Respondents to notify the Court by **January 12, 2026** whether they agree that Petitioner is entitled to an individualized bond hearing. If Respondents do not agree, the Court **ORDERS** a response to the Amended Petition by **January 14, 2026**. The response must address the allegations in the Amended Petition and must include any documents relevant to the determination of the issues raised in the Amended Petition. Petitioner may then file a reply by **January 16, 2026**.

The Court also provides notice to the parties that it intends to consolidate Petitioner's request for injunctive relief with a determination on the merits of the habeas petition under Rule 65(a)(2). *See* Fed. R. Civ. P. 65(a)(2); *see also Slidewaters LLC v. Wash. State Dep't of Lab. & Indus.*, 4 F.4th 747, 759 (9th Cir. 2021) (noting the court can invoke Rule 65(a)(2) by giving "clear and unambiguous notice").

///
///
///
///
///
///
///
///
///

Finally, to maintain the status quo, Respondents, their officers, agents, servants, employees, attorneys, and other persons who act in concert or participation with Respondents **SHALL NOT** transfer Petitioner outside of the Southern District of California pending the Court's resolution of the Amended Petition.[2]

It is **SO ORDERED**.

Dated: January 7, 2026

Hon. Cathy Ann Bencivengo
United States District Judge

---

[2] *See Doe v. Bondi*, Case No. 3:25-cv-805-BJC-JLB, 2025 WL 1870979, at *1 (S.D. Cal. June 11, 2025) ("Federal courts retain jurisdiction to preserve the status quo while determining whether [they have] subject matter jurisdiction over a case and while a petition is pending resolution from the court.") (collecting cases).